**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-370-S |
| | § | CIVIL NO. 2:19-253 |
| THOMAS JAMES OSBORNE, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Thomas James Osborne filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 30, 31), to which the United States (the "Government") responded (D.E. 46) and Movant replied (D.E. 47). For the reasons stated herein, Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

According to the Presentence Investigation Report (PSR, D.E. 22)—to which Movant lodged no objections—at approximately 6:30 P.M. on April 10, 2018, Movant was stopped by officers for a traffic violation. A search of his vehicle revealed three bundles of U.S. currency totaling $10,200.00 hidden underneath the center console. At 9:53 P.M. that same night, the Live Oak County, Texas Sheriff's Department obtained a search warrant for Movant's residence in Sandia, Texas. The warrant was the result of information received by a cooperating source (CS), who stated that on April 8, 2018, he/she had purchased approximately one ounce of methamphetamine from Movant at his residence. While at Movant's residence, the CS observed several bags containing methamphetamine and marijuana that were packaged in a manner consistent with distribution. The same

officers who stopped Movant for the traffic violation proceeded to Movant's residence to assist in the execution of the search warrant. Entry was gained into the residence by using a key attached to Movant's key ring, which officers obtained during the traffic stop. During the search, officers recovered: 179 grams of d-methamphetamine; 73.9 grams of marijuana; .235 grams of heroin; and two loaded firearms, to wit: a Smith & Wesson M&P .22 caliber rifle and a Colt .32 caliber handgun.

Movant was charged with possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) (Count 1S) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2S). On July 26, 2018, Movant pled guilty to both counts of the Superseding Indictment without a written plea agreement. He was sentenced to 120 months' imprisonment on each count, to be served concurrently and to be followed by five years' supervised release.

Judgment was entered November 16, 2018. Movant did not appeal. His conviction became final on November 30, 2018, the last day to file a notice of appeal. FED. R. APP. 4(b)(1)(A)(i). He filed the present motion under § 2255 on August 20, 2019. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises two related claims alleging that defense counsel was constitutionally ineffective: (1) counsel failed to investigate the facts of the case primarily the warrant; and (2) counsel failed to pursue a suppression hearing to allege an invalid affidavit. D.E. 30, p. 4.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting

effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

## IV. ANALYSIS

### A. Failure to Investigate

Movant first claims that defense counsel was ineffective because he failed to investigate "irregularities" in the facts surrounding Movant's arrest, specifically the search warrant for his residence.

Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). "[I]in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)).

4

Here, Movant claims defense counsel's investigation would have revealed that the April 10, 2018 traffic stop was pretextual and without justification, that Movant did not consent to the search of his car, and that officers lied to him when they told him during the course of the traffic stop that they had a search warrant for his residence.[1] Movant states that officers had no justification for holding him without probable cause or arrest between the time of the traffic stop and the time they executed the search warrant on his residence later that night. Finally, despite Movant's inquiries regarding the search warrant, defense counsel never investigated these irregularities.

In response to Movant's claims, defense counsel Ricardo Laurel ("Counsel") submitted a sworn affidavit, to which he attached 17 pages of detailed handwritten notes he took during the course of his representation of Movant. Laurel Aff., D.E. 43. These documents reflect that Counsel spoke with Movant, either in person or via telephone, on eighteen occasions from April to November, 2018. On May 2—less than a month after Movant's arrest—Counsel cautioned Movant against moving too fast to set up a debrief with the Government, citing a need to review the evidence against him. A week later, Movant gave Counsel more information for a debriefing and mentioned that another lawyer, Joe Flores, had told him the search warrant was weak. Counsel spoke with Flores, who stated that he had advised Movant to stick with Counsel and further denied telling Movant the warrant was weak. On May 11, Movant again expressed a desire to debrief, and Counsel again advised against it. On May 16, Movant stated he did not live at the

---

1. Counsel's notes and affidavit reference a police report stating that officers executed "the original search warrant" at 128 Explorer Trail, but were directed by a passersby to Movant's landlord, who informed officers that Movant lived at 135 Explorer Trail. This appears to be the search warrant about which Movant claims officers lied during the traffic stop.

5

address listed on the search warrant and did not want to debrief. On May 17, Movant entered a plea of not guilty, and Counsel advised Movant he would review discovery.

According to Counsel's notes and affidavit, he called Movant on May 30 after reviewing discovery and relayed the Government's evidence: the police report justifying the traffic stop because Movant failed to signal a right turn; the same report stating that Movant consented to the search of his vehicle that uncovered $10,000.00 in hidden currency; the identity of the CS mentioned in the search warrant affidavit, who told police he had purchased methamphetamine from Movant at his residence on April 8, 2018, and had seen six pounds of methamphetamine, two pounds of marijuana, and $10,000.00 in cash at Movant's residence; and another police report stating that Movant's landlord told officers that Movant lived at 135 Explorer Trail. After discussing the traffic stop and the search warrant and accompanying affidavit, Movant stated he had thought about it all and was sure that he wanted to debrief.

Movant thereafter debriefed with the Government and pled guilty to both counts of the Superseding Indictment. At rearraignment, Movant declared under oath that Counsel had adequately advised him with respect to the charges presented in the Superseding Indictment. 7/26/2018 Rearraign. Tr., D.E. 36 at 20:7-11. Movant also stated that he had discussed his case fully with Counsel and was satisfied with Counsel's services. *Id.* at 20:24–21:3.

The record shows that Counsel conducted a thorough investigation into the facts surrounding Movant's case, and there is no evidence that Movant ever informed Counsel of his concerns about the supposed "irregularities" involving his arrest and the search

warrant that he identified for the first time in his § 2255 motion. Movant has also failed to demonstrate "what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel, and has failed to show that counsel's [purported] failure to follow up on his leads was unreasonable." *See United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). Finally, Movant has failed to show that he would not have pled guilty but for Counsel's alleged errors. Accordingly, this claim is denied.

**B. Failure to File Motion to Suppress**

In a related claim, Movant alleges that Counsel was ineffective for failing to file a motion to suppress evidence of the drugs and firearms found in Movant's home on the grounds that the search warrant was invalid because the supporting affidavit was fraudulent and/or defective.

The filing of pretrial motions falls squarely within the ambit of trial strategy. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1983). "Because trial counsel's failure to raise a Fourth Amendment claim is at issue, 'the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the [outcome] would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" *United States v. Dowling*, 458 Fed. App'x 396, 397 (5th Cir. 2012) (per curiam) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Movant claims the search warrant affidavit was not prepared until sometime in 2019 in response to his request under the Freedom of Information Act. In the alternative, the search warrant affidavit was defective because it was not prepared until after the traffic stop; was not notarized or signed by a magistrate; did not have a seal or other indication to

show the time and date it was sworn to; was not properly "logged" by the magistrate who signed the warrant; and did not state that the CS observed the drugs at Movant's residence within 72 hours of the affidavit's execution. Movant further states that it is unknown whether a magistrate actually signed the search warrant or if the officers who signed the affidavit also signed the warrant. Finally, Movant argues that, had Counsel filed a motion to suppress based on these defects in the search warrant and supporting affidavit, the motion would have been meritorious, all evidence against Movant would have been excluded, and the charges against him would have been dismissed. However, when Movant asked Counsel to file a motion to suppress, Counsel responded that they did not want to make the Government mad.[2]

Under the Fourth Amendment, the Texas Constitution, and the Texas Code of Criminal Procedure, a search warrant may only issue upon facts sufficient to satisfy the magistrate that probable cause exists to believe that illegal items will be found if the search is conducted. *See* U.S. Const. amend. IV; Tex. Const. art. 1, 9; TEX. CODE CRIM. PROC. § 18.01. Probable cause is determined "by a neutral and detached" judge instead of "by the officer engaged in the often competitive enterprise of ferreting out . . . crime." *Johnson v. United States*, 333 U.S. 10, 14 (1948). In order for a judge to perform this function, the search warrant affidavit must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant. *Whiteley v. Warden*, 401 U.S. 560, 564 (1971); TEX. CODE CRIM. PROC. § 18.01(b). "To justify a search, the circumstances must indicate why evidence of illegal activity will be found in a

---

2. Counsel's sworn affidavit states that this never happened. Laurel Aff. at. 3.

particular place; the affidavit must connect the place to be searched with the illegal activity and the evidence sought." *United States v. Dodd*, 349 F. Supp. 2d 1039, 1046 (W.D. Tex. 2004) (citing *United States v. Pace*, 955 F.2d 270, 276-77 (5th Cir. 1992)). When the issuing judge relies solely on a supporting affidavit to issue a search warrant, "the existence of probable cause to support a warrant must be ascertained exclusively from the four corners of the affidavit." *Dodd*, 349 F. Supp. 2d at 1047 (citing *Whiteley*, 401 U.S. at 565 n.8)); *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

The Search Warrant for 135 Explorer Trail was issued at 9:53 P.M. on April 10, 2018, and signed by Live Oak County District Judge Janna Whatley. D.E. 31, Ex. A. The accompanying Search Warrant Affidavit was executed on April 10, 2018, by Affiant Nicolas Juarez, an officer with the Alice Police Department, and sworn before Officer Lance Rathke of the Live Oak County Sheriff's Office. D.E. 31, Ex. C. Affiant stated that he had probable cause to believe that Movant possessed and sold methamphetamine and marijuana at 135 Explorer Trail based on the following: (1) a CS stated that within the last 72 hours, he bought methamphetamine from Movant at his residence and observed several more bags of methamphetamine and marijuana packaged and available for distribution; (2) during a traffic stop of Movant's vehicle conducted earlier that day, officers obtained keys on Movant's keychain that opened the front door to 135 Explorer Trail; (3) during the traffic stop, Movant consented to a search of his vehicle, during which two bundles of currency sealed in plastic bags were found hidden within a compartment; (4) roughly six months earlier, a search of Movant's prior residence resulted in the seizure of several

ounces of methamphetamine; and (5) Affiant had received information from other law enforcement agencies that Movant was suspected of selling methamphetamine.

The Court finds the Search Warrant Affidavit sets forth substantial facts establishing probable cause that Movant possessed and sold methamphetamine and marijuana at his residence at 135 Explorer Trail and that evidence of Movant's illegal activity would be found at this location. There is no evidence to support Movant's claim that the search warrant and supporting affidavit in this case were fraudulent, defective, or otherwise invalid. Because a motion to suppress would have been meritless, counsel was not ineffective for failing to file such a motion. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Accordingly, this claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 30) is **DENIED**, and Movant is further **DENIED** a Certificate of Appealability.

ORDERED  2 | 6 | 2020 .

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE